OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendants’ motion for summary judgment denied.
Plaintiff was injured when he fell from a porch roof of a four-bedroom house. He had been hired to repair the roof by defendant Samuel Donnini, whose wife, Marsini Donnini, owned the property. She had purchased it in 1970 and since that time continuously used the house solely for rental to college students.
A divided Appellate Division reversed Supreme Court’s denial of defendants’ motion for summary judgment in this action for damages resulting from a claimed violation of Labor Law §§ 240 and 241. That court concluded that neither the fact that the student-occupants were unrelated and thus did not constitute a "family”, nor the fact that the owners did not occupy the property themselves but held it solely for commercial gain, excluded them from the benefit of the provisions of Labor Law §§240 and 241 which exempts from the strict liability of that statute "owners of one and two-family dwell *882 ings who contract for but do not direct or control the work [performed in relation to such dwellings].”
We recently noted in Cannon v Putnam (76 NY2d 644) that although the Legislature has not defined the terms "one or two family dwellings” it is clear that in exempting "owners of one and two-family dwellings who contract for but do not direct or control the work,” from the duties imposed by Labor Law § 240 (1) and § 241, the Legislature intended to relax the harsh strict liability rule of that statute as against such owners because " '[i]t is unrealistic to expect the owner of a one or two family dwelling to realize, understand and insure against the responsibility sections 240 and 241 now place upon him’ ” (Cannon v Putnam, 76 NY2d, at 649-650, quoting Mem of NY Law Rev Commn, 1980 McKinney’s Session Laws of NY, at 1657). We noted that the exemption was added because the Legislature sought to make the law "fairer and * * * more nearly reflect the practical realities governing the relationship between homeowners and the individuals they hire to perform construction work on their homes” (id.). These owners were perceived as lacking in sophistication or business acumen and "not in a position to know about, or provide for the responsibilities of absolute liability” (see, Mem of NY Law Rev Commn, op. cit, at 1658). However, the exemption from the strict liability of Labor Law §§ 240 and 241 for one and two-family homeowners is an exception to the clear legislative intent to "protect[ ] workers by placing 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner’ ” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520, quoting 1969 NY Legis Ann, at 407) and as such, may properly be extended "only so far as [the] language [of the exception] fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception” (McKinney’s Cons Laws of NY, Book 1, Statutes § 213; see, Matter of Radich v Council of City of Lackawanna, 93 AD2d 559, affd 61 NY2d 652).
Accordingly, we find no basis for concluding that this exemption should be expanded to encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes and who hardly are lacking in sophistication or business acumen such that they would fail to recognize the necessity to insure against the strict liability imposed by the statute. Such owners do not fall within the class *883 protected by the exemption (see, Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573).*
The house in question here has always been used by these defendants exclusively for commercial purposes as income-producing rental property. There is record evidence that the bedrooms are rented to unrelated students individually, with each making rent payments separately to the owner-landlord. The tenants are responsible for the utilities, but repairs and maintenance are the responsibility of the landlord. Thus, rather than a "one [or] two-family [house]” as contemplated by the legislative exemption, the premises here is a commercial enterprise, a rooming house.
These defendants are quite unlike "[the] homeowner who hires someone to paint his own living-room ceiling [who should be accorded the statutory exemption from strict liability]” (Cannon v Putnam, 76 NY2d 644, 650, supra), and are not within the class of persons the Legislature sought to exempt from the strict liability provisions of Labor Law §§ 240 and 241.

 The literal "plain meaning” interpretation adopted by the dissent would extend the exception afforded by this statute even to developer/owners of one and two-family houses constructed for resale so long as they do not "direct or control the work” — a result manifestly not intended by the Legislature.