NELSON PIGOTT, Appellant-Respondent, v CHURCH OF THE HOLY INFANCY, Respondent-Appellant.

Third Department, April 16, 1992

### APPEARANCES OF COUNSEL

*Martin Rubenstein* and *Robert Hayes* for appellant-respondent.

*Maynard, O'Connor & Smith (Arete Kontogiannis* of counsel), for respondent-appellant.

### OPINION OF THE COURT

MAHONEY, J.

Defendant, a religious corporation, is the owner of a complex of buildings located on a single parcel of realty in the Town of Lake Luzerne, Warren County, consisting of a church, parish home, church hall, barn and parking lot. In June 1988, while engaged in roof reconstruction on the parish home, plaintiff, a member of a work crew of inmates from Mount McGregor Correctional Facility in Saratoga County, was injured when he slipped off the roof. Thereafter, plaintiff commenced the instant action asserting claims under Labor Law §§ 240 and 241 and a claim sounding in common-law negligence. Following joinder of issue both parties, on separate occasions, moved for summary judgment. The gravamen of defendant's motion was that because the uncontroverted evidence established that the parish home was a single-family residence occupied solely by the parish priest and was not used for storage or any church-related business, it fell within the one- or two-family dwelling exemption contained in Labor Law §§ 240 and 241. Concluding that issues of fact existed regarding whether the building fell within the exemption and

whether defendant directed or controlled the work, Supreme Court denied both motions. Both parties appeal.

Excluded from the liability provisions of Labor Law §§ 240 and 241 are "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]). In determining the applicability of the exclusion in situations such as this where the owner does not actually occupy the dwelling at issue, the Court of Appeals instructs that the analysis focuses upon the *use* to which the structure is put and the sophistication of the owner, i.e., whether the owner has the requisite degree of business acumen to recognize the need to insure against the potential liability imposed by those statutes *(Van Amerogen v Donnini,* 78 NY2d 880, 882). To the extent the dwelling is "entirely and solely" used for commercial purposes and the owner is or should be sophisticated enough to insure against the risk, the exception is inapplicable *(supra,* at 882; *cf., Yelland v Weissman,* 177 AD2d 874).

■ Addressing first the issue of commercial use, we believe that the relevant focus is upon the objective use to which the *dwelling* is put, not upon how the use is characterized from the owner's perspective *(cf., Yelland v Weissman, supra).* Here, unlike the situation in *Van Amerogen v Donnini (supra)* where the defendants' single-family home was used as a commercial rooming house, it is conceded by the parties that this parish home is *in fact used* as a single-family dwelling; it is used exclusively as the personal residence for the priest serving defendant's parish. In our view, this fact distinguishes the instant case from *Van Amerogen v Donnini (supra)* and militates against a finding of commercial use herein. Because, under our interpretation of *Van Amerogen v Donnini (supra),* the degree of sophistication of the owner becomes relevant only if the use is determined, in the first instance, to be commercial, defendant's arguable status as an astute business entity capable of recognizing the need for insuring against such risks does not, standing alone, operate to deprive it of the benefit of the exemption.

Even assuming, arguendo, that the applicable focus is upon the *owner's* use of the property and not upon the dwelling itself, we still would conclude that the dwelling in question is entitled to the exemption. In our view, an owner's use of his property is commercial in nature only when it is held as a business asset, i.e., used by the owner in furtherance of an enterprise whose purpose is the derivation of financial or

business gain *(see, Becker v Royce,* 170 AD2d 974, 975; *Gernstl v Edwards,* 162 AD2d 966, 967). Because defendant neither conducts business from the parish home nor derives any economic or financial gain therefrom, its use does not rise to the level of a commercial use *(cf., Mascia v Immaculate Heart of Mary R. C. Church Socy.,* Sup Ct, Erie County, Oct. 30, 1990, Gorski, J., *affd* 178 AD2d 1023). That defendant or its parishioners may derive an incidental nonmonetary benefit from the presence of the clergy in the residence is, in our view, a de minimis business gain insufficient to transform the use into a commercial enterprise. Accordingly, inasmuch as plaintiff has conceded for purposes of this appeal that defendant did not direct or control the work, defendant is entitled to summary judgment dismissing the two Labor Law causes of action.

■ As regards the common-law negligence claim, because defendant established that it had no authority to control the activity in which the injury was sustained, that claim likewise should have been dismissed *(see, Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 641-642; *cf., Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1014).

Mikoll, J. P., Mercure and Crew III, JJ., concur.

Ordered that the order entered January 11, 1991 is affirmed, without costs.

Ordered that the order entered September 19, 1991 is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.