Bellacosa, J.
(dissenting in part). I respectfully dissent from the Court’s modification and would instead affirm the order of the Appellate Division dismissing the complaint essentially for the pertinent reasons expressed by the majority in that Court. These brief observations are added to explain my difference, which is directed solely at this Court’s reinstatement of the absolute liability cause of action rooted in Labor Law § 240 (1) (see, majority opn, at 296).
Over 10 years ago, plaintiff fell off a ladder while he was sawing a branch as part of a tree removal. Since we all agree that "[a] tree is clearly not a 'building’ or a 'structure’ ” (majority opn, at 295-296) within Labor Law § 240 (1) and our precedents, I believe the judicial inquiry should be at an end, as should this lawsuit after all these years. Instead, the Court promulgates a new rule significantly extending absolute liability for accidents in which work on naturally occurring objects *298 is shown simply to be "part of’ construction on a building or structure (majority opn, at 296). This exertion is not interpretation of legislation; rather, it is judicial legislation. It simply erects a new test not previously recognized within the Labor Law § 240 (1) absolute liability sphere.
Liberality of approach in this field is an interpretive nostrum and tool, to be sure, but that approach is not a substitute for rigorous analysis and does not authorize judicial expansion of the classifications of exposure for absolute liability. If trees may now be converted by legal fiction into structures or buildings within Labor Law § 240 by the fertile development of spatial or tactile interrelationships, so, too, inexorably and logically, will thousands of other similarly situated, naturally occurring objects.
The fiscal and precedential implications of this sweeping innovation virtually guarantee triable issues in most Labor Law § 240 absolute liability cases when this exceedingly flexible formula is applied to the widely varying fact patterns that are certain to bloom. Confusion will also be fostered by the Court’s analysis with respect to the statutory exception for owners of one- and two-family dwellings in relation to the commercial versus residential classification and the present versus future plans discussion concerning work or renovations on buildings or structures (majority opn, at 297; see, e.g., Van Amerogen v Donnini, 78 NY2d 880; Cannon v Putnam, 76 NY2d 644). I believe there is no justification for extending absolute liability in this fashion and no practical good sense in adding new and seemingly unlimited uncertainties to an already cluttered and complicated legal universe.
Chief Judge Wachtler and Judges Kaye, Titone and Hancock, Jr., concur with Judge Simons; Judge Bellacosa dissents in part and votes to affirm in a separate opinion; Judge Smith taking no part.
Order modified, etc.