[605 NYS2d 773]

GARY KRUKOWSKI, Respondent, v STERLING A. STEFFENSEN et al., Defendants and Third-Party Plaintiffs-Appellants. CHARLES SACKETT, Third-Party Defendant-Respondent.

Second Department, December 27, 1993

---

APPEARANCES OF COUNSEL

*Robert J. Lackaye,* Poughkeepsie *(Mendes & Mount [Kevin F. Cook* and *Matthew J. Byrne]* of counsel), for defendants third-party plaintiffs-appellants.

*Kelly & Meenagh,* Poughkeepsie *(Thomas F. Kelly, III,* of counsel), for respondent.

## OPINION OF THE COURT

SANTUCCI, J.

On this appeal we are asked to determine if a single structure, which contains both the owners' residence and their place of business, qualifies as a "one-family dwelling" so as to fall within the exemption from the liability imposed upon owners under Labor Law §§ 240 and 241.

The defendants Sterling A. Steffensen and his wife Lori Steffensen were the owners of a one-family house located in Dutchess County. The house was a wood-frame structure consisting of two attached sections. One section contained two levels and was covered by a pitched roof, and the adjoining section was one level covered by a flat roof. The upper level of the house consisted of bedrooms, a bathroom, a kitchen, and a living room. Although the upper level was utilized primarily as the defendants' living quarters, one of the bedrooms on this level was used as an office for their photography business. The lower level of the house contained several rooms, and a converted garage, all of which were devoted to the photography business.

Due to the fact that water leaked through the roof into the living room during severe weather, the defendants hired the plaintiff, Gary Krukowski, to replace the roof shingles on the pitched roof portion of the house. The plaintiff commenced

work on the roof in early July 1990. On July 19, 1990, while in the course of his work, the plaintiff stepped backward, lost his balance, and fell off the roof, thereby sustaining severe injuries. There is no allegation that the defendants directed or controlled any of the work.

The plaintiff instituted an action to recover damages for personal injuries pursuant to, *inter alia,* Labor Law § 240 (1) and § 241. The defendants moved for summary judgment on the ground that, as owners of a one-family dwelling, they were exempt from the liability which is imposed by these sections of the Labor Law upon owners who contract for repair work. The plaintiff cross-moved for summary judgment, arguing that the defendants did not qualify for the dwelling exemption because the property was also used for a commercial purpose. The Supreme Court held that the defendants were not exempt from liability under the Labor Law since there was no clear distinction between the residential and commercial uses of the property. We now affirm.

Labor Law § 240 (1) provides, in pertinent part: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". Similarly, Labor Law § 241 which applies to the construction, demolition, or excavation of buildings, states that contractors and owners, "except owners of one and two-family dwellings who contract for but do not direct or control the work", shall comply with certain statutorily and administratively prescribed safety standards when constructing or demolishing a building. Prior to 1980, neither of these statutes contained an exemption for owners of one- and two-family dwellings (L 1969, ch 1108, §§ 1, 3). In 1980 the dwelling exception was added by the Legislature "so that the law would be fairer and would more nearly reflect the practical realities governing the relationship between homeowners and the individuals they hire to perform construction work on their homes" *(Cannon v Putnam,* 76 NY2d 644, 649; *see also,* Mem of NY Law Rev Commn, 1980 McKinney's Session Laws of NY, at 1657).

Since the enactment of this amendment, the courts have

repeatedly granted an exemption from the liability imposed by the Labor Law upon homeowners who contract for repair work, where it is clear that the property is used solely as a one- or two-family dwelling and where the homeowner does not direct or control the work *(see, Schwartz v Foley,* 142 AD2d 635; *Rimoldi v Schanzer,* 147 AD2d 541; *Edwards v Ackerman,* 157 AD2d 770; *Devodier v Haas,* 173 AD2d 437; *Sarvis v Maida,* 173 AD2d 1019; *cf., Emmi v Emmi,* 186 AD2d 1025).* However, where a one- or two-family dwelling is used "entirely and solely for commercial purposes", the owners do not fall within the purview of the dwelling exception *(Van Amerogen v Donnini,* 78 NY2d 880, 882; *Lombardi v Stout,* 80 NY2d 290).

In determining whether or not to apply the dwelling exemption to those situations which fall somewhere between these two extremes of the spectrum, the Court of Appeals has recently indicated that a strict construction is to be applied when interpreting Labor Law § 240 (1) and § 241. In the case of *Van Amerogen v Donnini (supra),* the plaintiff was injured while working on the roof of a one-family house which, since the time of purchase, had been used solely for rental to tenants. The owners of the house argued that, since the property was a one-family dwelling, they were entitled to the benefit of the exemption, despite the fact that they did not occupy the property themselves. The Court of Appeals rejected this argument, and concluded that the dwelling exemption should not be "expanded to encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes" *(Van Amerogen v Donnini, supra,* at 882). Moreover, the Court noted that the exemption may "properly be extended 'only so far as [the] language [of the exception] fairly warrants, and *all doubts should be resolved in favor of the general provision rather than the exception'* " *(Van Amerogen v Donnini, supra,* at 882, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 213 [emphasis added]; *see also, Matter of Radich v Council of City of Lackawanna,* 93 AD2d 559, *affd* 61 NY2d 652).

Bearing in mind that the dwelling exemption is not to be unduly expanded, we consider the hybrid situation of homeowners who utilize their one-family home both as a dwelling and a place of business. Although this particular situation has not yet been addressed by the Court of Appeals, guidance is afforded in the case of *Cannon v Putnam (supra).*

In *Cannon v Putnam (supra),* the Court addressed the situa-

tion where a worker was injured while installing floodlighting on a property that was improved with several structures, including two residences and two barns leased to commercial businesses. The plaintiff sued the homeowner, alleging causes of action based upon, *inter alia,* Labor Law § 240 (1) and § 241. The homeowner moved to dismiss the Labor Law causes of action, asserting the defense of the dwelling exemption. The plaintiff then cross-moved to dismiss this "defense", on the ground that the homeowner utilized some of the structures on the property for commercial purposes. After examining the history of the Labor Law dwelling exception, the Court affirmed the dismissal of the Labor Law causes of action, holding:

"Having considered all aspects of the case and the governing principles, we conclude that the existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption. Instead, whether the exemption is available to an owner in a particular case turns on *the site and purpose of the work.* Such a test comports with the underlying notions of reasonableness and fairness that motivated the Legislature's adoption of the dwelling-owner exemption. * * *

"Thus, the conclusion is inescapable that the project was purely and simply a home improvement measure, notwithstanding that the work may have fortuitously affected another area of the property that was used for commercial activities" *(Cannon v Putnam, supra,* at 650-651 [emphasis added]).

Accordingly, where the homeowner contracts for aesthetic work to the property, and not necessarily to the home itself, the dwelling exemption may still be successfully asserted, despite the fact that some of the other structures on the property are utilized for commercial purposes, and despite the fact that the work may be of tangential benefit to these other structures. However, as noted above, in the case at bar we are presented with the application of the dwelling exemption where a homeowner contracts for substantial work upon a single structure used as both a dwelling and a place of business. Upon the facts of this case, we conclude that the exemption is unavailable to the defendants.

In applying the "site and purpose of the work" test to this case, we note that, although this "site" was the defendants' principal residence, there is clear evidence that the same building was also utilized for regular commercial activity

which was not merely incidental to the building's purpose. Indeed, the evidence demonstrates that this site was utilized as much, if not more, for a commercial purpose than it was for a residential one. Specifically, the defendant testified that the house had previously been used for commercial purposes, and that he bought the house because he was looking for a commercial property for his photography business. In addition, the record indicates that as of July 1990 the defendants employed one part-time and two full-time employees at the premises and that these employees utilized not only the lower level of the house but also the upper level kitchen and bathroom on a regular basis, that expenses and depreciation of the property were handled on 70% business and 30% personal basis, that there was a separate entrance for the photography business, and that the defendants had obtained commercial insurance for the property.

With respect to the purpose of the work, we note that replacing a roof is not merely an aesthetic undertaking, nor is it a slight home improvement, such as repainting *(see, Cannon v Putnam,* 76 NY2d 644, 650, *supra).* Instead, work of this nature is tantamount to a structure-saving project, and as such it has practical value to the commercial use of the premises. Moreover, unlike the factual scenario presented in *Cannon v Putnam (supra),* this was not a situation where the work performed upon the "site" may have benefited another structure on the same property which was being used for commercial activity. Here, the work performed was undertaken only upon one structure which contained both the defendants' residence and their business. And although the defendants testified that they sought to have their roof replaced because water leaked into their living room, the underlying purpose of the work was to insure the waterproof integrity of the entire building and not just that portion used as living quarters. Therefore, the roof project cannot be said to have only "fortuitously affected" that part of the same building which was used for commercial purposes *(Cannon v Putnam, supra,* at 651).

Under these circumstances, and mindful that "all doubts should be resolved in favor of the general provision rather than the exception" (McKinney's Cons Laws of NY, Book 1, Statutes § 213), we conclude that the defendants were not the type of unwary homeowners that the Legislature intended to encompass under the "remedial purposes and protective goals underlying the 1980 amendments to Labor Law § 240 (1) and

§ 241" *(Cannon v Putnam, supra,* at 651). Indeed, if the exemption was extended to the factual situation presented herein, it would unduly blur the demarcation line between what does and what does not constitute a one-family dwelling for Labor Law purposes.

Accordingly, the defendants cannot avail themselves of the dwelling exemption contained in the Labor Law, and, therefore, the Supreme Court properly granted summary judgment to the plaintiff on the issue of liability *(see,* Labor Law § 240 [1]; § 241).

LAWRENCE, J. P., EIBER and O'BRIEN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.