■ BASEM KHELA et al., Appellants, v AARON NEIGER, Defendant and Third-Party Plaintiff-Respondent. A.T.G. CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents. [609 NYS2d 634] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated October 28, 1991, which granted the defendant's motion for summary judgment dismissing those portions of the complaint based on violations of the Labor Law, and denied the plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 241-a.

Ordered that the order is reversed, on the law, with one bill of costs, the defendant's motion for summary judgment is denied, and the plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 241-a is granted, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

On the morning of May 14, 1987, the plaintiff Basem Khela was performing renovation work on the third floor of a three-story building in Brooklyn, when he stepped onto a plank covering a stairwell opening. The plank gave way, and he fell through the stairwell opening to the ground floor of the premises, sustaining serious injuries. On the date of the

accident, the building undergoing renovation was a legal three-story residence, for which the City of New York had issued a multiple-dwelling certificate of occupancy. However, at the time of the accident, the building's owner was in the process of converting the premises into a two-family residence, and adding an extension to the premises.

The plaintiffs subsequently commenced this action against the owner of the premises, alleging, *inter alia,* that he had violated Labor Law § 241-a by failing to properly plank the stairwell opening at the level below which the plaintiff was working, causing the injured plaintiff to fall through the second floor to the ground floor of the building. The defendant subsequently moved for summary judgment dismissing those portions of the plaintiff's complaint which were based on Labor Law violations, contending that he was entitled to judgment as a matter of law because Labor Law § 240 (1) and § 241, which impose certain nondelegable safety duties upon "contractors and owners and their agents", specifically exempt from liability "owners of one and two-family dwellings who contract for but do not direct or control the work". The plaintiffs countered by moving for partial summary judgment on the issue of liability, contending that the homeowner's exception from liability was not applicable to violations of Labor Law § 241-a. The Supreme Court granted the defendant's motion, concluding that the homeowner's exception to liability contained in Labor Law § 240 (1) and § 241 also applied as a matter of law to claimed violations of Labor Law § 241-a, and that the defendant was entitled to the benefit of the exception because the premises was being converted to a two-family residence at the time of the accident. We now reverse.

As the party claiming the benefit of the statutory exception from absolute liability imposed by Labor Law § 240 (1) and § 241, the defendant had the burden of demonstrating that it applies here *(see, Lombardi v Stout,* 80 NY2d 290, 297). Upon our review of the record, we find that the defendant has failed to meet his burden. The exception in the Labor Law applies only to owners of one and two-family dwellings who contract for but do not control the work *(see, Harmon v Sager,* 106 AD2d 704). Since the exemption from liability for one and two-family homeowners is an exception to the clear legislative intent to protect workers by placing " 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner' " *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520, quoting

1969 NY Legis Ann, at 407), the Court of Appeals has observed that the homeowner's exemption from liability may "properly be extended 'only so far as [the] language [of the exception] fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception' " *(Van Amerogen v Donnini,* 78 NY2d 880, 882, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 213). "Bearing in mind that the dwelling exemption is not to be unduly expanded" *(Krukowski v Steffensen,* 194 AD2d 179, 182), we conclude that since the record establishes that the site of the accident was a legal multiple family residence at the time of its purchase and the injured plaintiff's accident, the defendant's intent to convert the premises to use as a two-family residence does not exempt him from liability.

Since the exception to liability is not applicable, and the defendant has failed to raise an issue of fact as to a violation of Labor Law § 241-a, the plaintiffs' motion for partial summary judgment should be granted *(see, Anarumo v Terminal Constr. Corp.,* 143 AD2d 616; *Seiger v Port of N. Y. Auth.,* 43 AD2d 339). Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.