■ GEORGE MORELOCK, Appellant, v DANBROD REALTY CORPORATION et al., Respondents. (And Two Third-Party Actions.) [610 NYS2d 657] —Peters, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered September 11, 1992 in

Columbia County, which granted a cross motion by defendant Danbrod Realty Corporation for summary judgment dismissing the complaint against it and partially granted a cross motion by defendant Morton Schermerhorn, Jr. for summary judgment dismissing the complaint against him.

Defendant Joel Levin persuaded Daniel Brodsky, the president and major shareholder of defendant Danbrod Realty Corporation (hereinafter Danbrod) to purchase an unoccupied single-family house in the Town of Kinderhook, Columbia County, for renovation and resale. The parties agreed that the ownership of the building was to be in Danbrod's name and Levin was to receive 50% of any profit realized upon resale in exchange for his supervision over the renovation project. Plaintiff was hired by Levin to work on the renovations and, in connection therewith, was injured when a scaffold collapsed.

Plaintiff commenced this personal injury action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) against Danbrod, Levin and defendant Morton Schermerhorn, Jr., who also worked on the project and purportedly constructed the scaffold that collapsed. Danbrod and Levin answered and cross-claimed against Schermerhorn. After issue was joined and discovery partially completed, plaintiff moved for partial summary judgment against all defendants on the issue of liability under Labor Law § 240 (1). Danbrod and Levin cross-moved for summary judgment dismissing the Labor Law § 240 (1) cause of action and Schermerhorn cross-moved for summary judgment to dismiss the entire complaint against him. Supreme Court, *inter alia,* granted Danbrod's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action against it.

On appeal, plaintiff contends that Labor Law § 240 (1) was enacted to impose strict liability on owners and general contractors for injuries to workers that result on the job. Plaintiff contends that such liability is nondelegable and therefore Danbrod is absolutely liable to plaintiff for the injuries sustained. We find that the only relevant issue raised on this appeal is the applicability of the exemption from liability contained in Labor Law § 240 (1) for owners of one or two-family premises who contract for but do not direct or control the work where such premises were purchased for the sole purpose of renovation and resale.

In *Van Amerogen v Donnini* (78 NY2d 880), the Court of Appeals held that the exemption should not be "expanded to

encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes and who hardly are lacking in sophistication or business acumen such that they would fail to recognize the necessity to insure against the strict liability imposed by the statute. Such owners do not fall within the class protected by the exemption" *(supra,* at 882-883 [citation omitted]; *see also, Lombardi v Stout,* 80 NY2d 290, 296; *Zangiacomi v Hood,* 193 AD2d 188, 192).

Addressing first the issue of commercial use, this Court must determine the extent to which the dwelling is used "entirely and solely" for commercial purposes and whether the owner is or should be sophisticated enough to ensure against the risk. We find that, upon the record before us, it is undisputed that Danbrod is a corporation specializing in real estate development which was established for the sole purpose of purchasing the unoccupied single-family house at issue here for renovation and resale. The record further establishes that Danbrod assumed all expenses for renovation, that neither Brodsky nor Levin intended to live in such premises and that Brodsky, as the sole shareholder of Danbrod, had been involved in numerous renovation projects prior to the establishment of Danbrod in 1987. Hence, in our view, the use of this property by Danbrod was clearly intended to be a commercial venture "in furtherance of an enterprise whose purpose is the derivation of financial or business gain" *(Pigott v Church of Holy Infancy,* 179 AD2d 161, 163-164, *lv denied* 80 NY2d 759).

In finding that the use of the property was solely for commercial purposes and that Danbrod had the requisite degree of business acumen to recognize the need to insure against the potential liability imposed by Labor Law § 240 (1) *(see, Van Amerogen v Donnini, supra,* at 882), we find irrelevant that Danbrod neither directed nor controlled the work performed on the subject premises *(see, supra; Zangiacomi v Hood, supra).* Accordingly, we find that Danbrod was not entitled to summary judgment as a matter of law and, based upon the record herein, summary judgment should be granted to plaintiff against Danbrod on his Labor Law § 240 (1) cause of action *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the cross motion of defendant Danbrod Realty Corporation for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of

action and denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action against Danbrod; said cross motion denied, motion granted to that extent and summary judgment awarded to plaintiff against Danbrod on the issue of liability on the Labor Law § 240 (1) cause of action; and, as so modified, affirmed.