■ ARTHUR JARVIS et al., Respondents-Appellants, v NICHOLAS DIANTO et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. FALLUCA'S CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [621 NYS2d 87] —In an action to recover damages for personal injuries, etc., (1) the defendants third-party plaintiffs appeal, as limited by their notice of appeal, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 11, 1992, as denied their motion for summary judgment dismissing the complaint, (2) the plaintiffs cross-appeal, as limited by their notice of appeal, from so much of the same order as denied their cross motion for partial summary judgment on the issue of liability under Labor Law § 240, (3) the third-party defendant appeals from a judgment of the same court (Cusick, J.), dated July 13, 1993, which, upon a directed verdict, is in favor of the defendants third-party plaintiffs and against it on the issue of indemnification, and (4) the defendants third-party plaintiffs cross-appeal from so much of the judgment as, upon a directed verdict in favor of the plaintiffs on the issue of the applicability of the homeowner exemption under Labor Law § 240 and upon a jury verdict in favor of the plaintiffs on the issue of a violation of Labor Law § 240, is in favor of the plaintiffs and against them.

Ordered that the appeal and the cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the provision of the order which denied the defendants third-party plaintiffs' motion for summary judgment dismissing the complaint is vacated, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the defendants third-party plaintiffs are awarded one bill of costs payable by the plaintiffs; and it is further,

Ordered that the third-party defendant is awarded one bill of costs payable by the plaintiffs.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The sole issue on this appeal is whether the defendants are covered by the exemption contained in Labor Law § 240 (1) for "owners of one and two family dwellings who contract for but do not direct or control the work". Upon our review of the record, we find that the defendants established, as a matter of law, that they are so covered, and we therefore dismiss the complaint.

A homeowner is not automatically covered by the exemption when there are both commercial and residential uses on his or her property (see, Cannon v Putnam, 76 NY2d 644, 650; Pigott v Church of Holy Infancy, 179 AD2d 161). A homeowner, however, is covered by the exemption when the site and purpose of the work indicate that the work was performed solely in connection with the residential use of the property (see, Cannon v Putnam, supra; Pigott v Church of Holy Infancy, supra). In this case, it is undisputed that at the time of the plaintiff Arthur Jarvis's injury, he was working on the roof of the defendants' one-family dwelling. The fact that there was only one contract and one price for the repairs to be done to both the roof of the defendants' one-family dwelling and the roof of a detached garage/office, does not alter the fact that the injured plaintiff was performing work solely in connection with the residential use of the defendants' property.

Furthermore, there is no evidence that the defendants directed or controlled the injured plaintiff's work. The defendants did not supply the ladder that was involved in the injured plaintiff's accident. The defendants had never met or spoken to the injured plaintiff, and they had absolutely no involvement in his work. Therefore, it cannot be said that the defendants supervised the method and manner of the injured plaintiff's work (see, Kolakowski v Feeney, 204 AD2d 693; Spinillo v Strober Long Is. Bldg. Material Ctrs., 192 AD2d 515; Sarvis v Maida, 173 AD2d 1019). Accordingly, the defendants are covered by the exemption contained in Labor Law § 240 (1) and the complaint against them is dismissed. Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.