■ RAY E. TELFER et al., Appellants, v GUNNISON LAKESHORE ORCHARDS, INC., Respondent. [664 NYS2d 493] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered October 24, 1996 in Essex County, which, *inter alia*, partially granted defendant's cross motion for summary judgment and dismissed the first, second and fourth causes of action in the complaint, and (2) from the judgment entered thereon.

In spring 1992, Hugh Gunnison and Kay Gunnison, president and secretary/treasurer of defendant, respectively, hired the employer of plaintiff Ray E. Telfer (hereinafter plaintiff) to make repairs, renovations and construction improvements to their single-family home. The work on the house included the construction of an additional room and an enclosed porch, the replacement of windows, converting an existing room into a bathroom/laundry room, converting an existing bathroom into a hallway, sanding and refinishing hardwood floors and the installation of cedar siding.

On June 19, 1992, plaintiff was working in the basement area of the residence constructing a concrete wall when he was allegedly injured while working on self-built scaffolding. This area of the house was being renovated to permit the storage of firewood. Plaintiff, and his wife derivatively, commenced this action against defendant alleging, as is relevant here, violations of Labor Law §§ 240 and 241. Plaintiffs appeal from an order and judgment granting defendant's cross motion for summary judgment dismissing the complaint.

We limit our discussion to whether defendant is eligible for the single-family exemption provided under Labor Law §§ 240 and 241, which we find dispositive.* Excluded from the liability provisions of Labor Law §§ 240 and 241 are "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; *see,* Labor Law § 241). Plaintiffs contend that defendant, as a corporate commercial enterprise deriving substantial benefits from the Gunnison residence, is not entitled to this exemption. According to plaintiffs, in deciding whether a homeowner is entitled to the exemption, "[i]t is not the nature of the structure, but the nature of the enterprise, which is important". Plaintiffs, however, misinterpret the controlling law on this issue.

A homeowner is not automatically covered by the exemption when there are both commercial and residential uses on the same property (*see, Cannon v Putnam,* 76 NY2d 644, 650). Whether the exemption is available turns on the site and purpose of the work being performed which results in the injury (*see, id.; see also, Khela v Neiger,* 85 NY2d 333, 337). When the site and purpose of the work being performed indicate that the work was performed solely in connection with the property's residential usage, a homeowner is covered under the exemption (*see, Cannon v Putnam, supra*). Said differently, "when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*Bartoo v Buell,* 87 NY2d 362, 368).

The subject residence, located on a 16.8-acre apple orchard, is not used solely and exclusively to advance this commercial enterprise (*cf., Van Amerogen v Donnini,* 78 NY2d 880; *Morelock v Danbrod Realty Corp.,* 203 AD2d 733). In our view, the extent to which the residence is used for commercial purposes is *de minimis* (*cf., Krukowski v Steffensen,* 194 AD2d 179). Even though file cabinets with business-related papers can be found in the house and various rooms are used to complete business-related paperwork and hold occasional corporate meetings among family members, its principal use is as a single-family residence (*see generally, Vliet v Alweis,* 227 AD2d 853, 854). More importantly, the record is clear that the work contracted for related to the residential nature and use of the

---

* There is no merit to plaintiff's claim that defendant was required to plead as an affirmative defense its entitlement to the homeowner exemption as there is no express or implied requirement to plead such a defense (*see,* CPLR 3018 [b]; *see also, Ferres v City of New Rochelle,* 68 NY2d 446, 450).

structure (particularly the work being performed by plaintiff in the basement).

Lastly, there is also no doubt, upon our review of the record, that neither the Gunnisons nor any other representative of defendant directed or controlled the work being performed (*see,* Labor Law §§ 240, 241). Under these circumstances, defendant is entitled to invoke the benefit of the statutory exemption (*see, Bartoo v Buell, supra*) and Supreme Court did not err in dismissing the complaint.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.