■ RONALD E. JOHNSON, SR., et al., Appellants, v HOWARD L. Fox et al., Defendants and Third-Party Plaintiffs-Respondents. COLONIAL ROOFING COMPANY, Third-Party Defendant-Respondent. [701 NYS2d 506] —Mugglin, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 5, 1999 in Ulster County, which, *inter alia*, granted

defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Ronald E. Johnson, Sr. (hereinafter plaintiff), employed by third-party defendant, Colonial Roofing Company (hereinafter Colonial), allegedly injured his right knee while shingling the roof of a structure owned by defendants Howard L. Fox and Nancy L. Fox (hereinafter collectively referred to as defendants). In the process of installing the shingles, plaintiff lost his balance and fell on the roof sustaining injury to his right knee. Plaintiff, and his wife derivatively, commenced this action against defendants alleging, *inter alia*, that defendants' violations of Labor Law §§ 200, 240 and 241 proximately caused the injury sustained by plaintiff. Thereafter, defendants brought a third-party action against Colonial for indemnification and/or contribution.

Subsequently, plaintiffs moved for partial summary judgment on the issue of liability regarding the cause of action premised on Labor Law § 240 (1) asserting that the building upon which plaintiff was injured was a commercial structure and that defendants failed to provide him with the required safety devices. By way of cross motion, defendants sought summary judgment dismissing the complaint contending that the building upon which plaintiff sustained his injury was a one or two-family dwelling exempting defendants from any liability under Labor Law § 240 (1) and § 241 (6). Colonial also cross-moved for summary judgment dismissing the third-party complaint. Plaintiffs appeal from an order denying their motion for partial summary judgment and granting defendants' and Colonial's cross motions for summary judgment dismissing the complaint and third-party complaint, respectively. We affirm.

Both Labor Law § 240 (1) and § 241 (6) provide an exemption from liability to "owners of one and two-family dwellings who contract for but do not direct or control the work". On this appeal, plaintiffs contend that Supreme Court improperly held that defendants were exempt from absolute liability because the premises upon which plaintiff sustained his injury was a one or two-family dwelling. Plaintiffs argue that this exemption should not apply here since the dwelling houses the real estate business of defendants, payment for the roof repairs was made from the checking account of the real estate business, the business deducted the cost of the repairs as a business expense, the business paid all maintenance expenses pertaining to the dwelling, and the business insured the entire premises and paid all premiums associated with the insurance.

It is well settled that the existence of both residential and

commercial usages of a particular property does not result in the automatic loss to the dwelling owner of the exemption provided under the Labor Law (see, Cannon v Putnam, 76 NY2d 644). Rather, each case must be individually analyzed in terms of the site and purpose of the work being performed (see, id., at 650; see also, Bartoo v Buell, 87 NY2d 362; Telfer v Gunnison Lakeshore Orchards, 245 AD2d 620, lv denied 92 NY2d 803). If the main purpose of the construction project is directly related to the owner's residential use of the property, the owner will receive the benefit of the exemption, even though the work may also incidentally benefit the commercial section of the structure (see, Yerdon v Lyon, 259 AD2d 864, 865; Outwater v Ballister, 253 AD2d 902, 904). "When the site and purpose of the work being performed indicate that the work was performed solely in connection with the property's residential usage, a homeowner is covered under the exemption * * * Said differently, 'when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241'" (Telfer v Gunnison Lakeshore Orchards, supra, at 621, quoting Bartoo v Buell, supra, at 368 [citation omitted]).

In this two-story structure, the business of defendants only occupies four rooms and a bath on the first floor. The remaining rooms and bath on the first floor, and all of the second floor, are limited strictly to residential purposes. Consequently, the improvement being performed by plaintiff at the time of his injury primarily benefits the residential purpose of the premises and provides only an incidental benefit to the commercial business located exclusively on the first floor of the dwelling. The fact that the business may pay expenses associated with the residence does not impact on the application of the "site and purpose" test and render the exemption unavailable in these circumstances. The evidence demonstrates that the improvement had a significant impact upon the integrity of the residential living area and had only a tangential benefit to the commercial area of the structure. Finally, the evidence establishes that defendants exercised no control over the work being performed by plaintiff. Accordingly, Supreme Court correctly determined that the defendants were entitled to the one and two-family dwelling exception.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.