■ JAMES SWEENEY et al., Appellants, v KEVIN SANVIDGE et al., Respondents, et al., Defendant. [705 NYS2d 723] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 24, 1998 in Saratoga County, which, *inter alia,* granted a motion by defendants Kevin Sanvidge and Marilyn Sanvidge for summary judgment dismissing the complaint against them.

Plaintiff James Sweeney (hereinafter plaintiff) sustained the injuries forming the basis for this action when he fell from the roof of a two-family residence owned by defendants Kevin Sanvidge and Marilyn Sanvidge (hereinafter collectively referred to as defendants) while performing repair work in December 1996. The complaint alleges causes of action against defendants sounding in negligence and pursuant to Labor Law §§ 200, 240 and 241 (6).

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the Labor Law §§ 240 and 241 (6) causes of action on the basis of the statutory exception for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]). In support of the motion, defendants averred that they originally purchased the property as a residence for themselves and that, from 1978 to 1984, they lived in one of the side-by-side units and rented out the other. Defendants moved out of the building in 1984 to accommodate their growing family and, from that time on, they rented out both units. According to defendants, no business or commercial venture operated out of the premises during the entire period of their ownership.

Plaintiffs cross-moved for partial summary judgment on the issue of liability on the cause of action predicated on Labor Law § 240. Plaintiffs supported the motion with evidence that, although a scaffold was in place on the south side of defendants'

building, at the time of plaintiff's fall, his work had taken him to the peak of the roof and then over to the northeast side. While bending forward to place a piece of felt paper across the peak of the roof next to the chimney, plaintiff's feet "kicked out", he slid down the roof to the lower edge and then fell from the roof an additional 10 to 12 feet to the driveway below. No safety devices were in place on that side of the building. Supreme Court granted defendants' motion and denied plaintiffs' cross motion. Plaintiffs appeal.

We first conclude that Supreme Court erred in granting defendants' motion. In our view, controlling Court of Appeals cases mandate a finding that, at the time of the accident giving rise to this action and for a considerable period of time preceding it, defendants used the subject two-family residence "entirely and solely" for commercial purposes (*Van Amerogen v Donnini*, 78 NY2d 880, 882), thereby depriving them of the homeowner's exception of Labor Law § 240 (1) and § 241 (6).

The sharply divided decision of the Court of Appeals in *Van Amerogen v Donnini* (*supra*) made it abundantly clear that in determining whether defendants have satisfied their burden of establishing the statutory exception, the physical characteristics of the building and its suitability for one or two-family habitation are by no means controlling. Rather, a court must look to the use to which the defendants have put the property. In *Van Amerogen*, the four-judge majority held that the defendants' use of the subject premises "as income-producing rental property" deprived them of the exception (*id.*, at 882-883). Although the court's mention of the fact that the owners "hardly [were] lacking in sophistication or business acumen" (*id.*, at 882) and that the property was used as a boarding house rather than a one or two-family house (*id.*, at 883) caused some confusion and briefly led some courts (including this one) to believe that the court was establishing additional factors (*see, e.g.*, *Pigott v Church of the Holy Infancy*, 179 AD2d 161, 163, *lv denied* 80 NY2d 759 [enunciating the existence of "objective use" and "degree of sophistication" factors]), it is now apparent that an owner's rental of a one or two-family house to third persons, even if the property is continued to be used for one or two-family residential purposes, will of itself deprive the owner of the statutory exception.

Significantly, the Court of Appeals' subsequent decision in *Lombardi v Stout* (80 NY2d 290) made it clear that owners who use their one and two-family houses purely for commercial purposes are deemed to fall outside the target class of people who lack business sophistication and would thus not know or

anticipate the need to obtain insurance to cover them against the absolute liability imposed by Labor Law § 240 (1) (*see, id.,* at 296), thereby obviating the need for any separate "degree of sophistication" inquiry. This clarification had the effect of substantiating the *Van Amerogen* dissenters' concern that the majority was creating a presumption that owners of one and two-family dwellings are automatically imbued with business skills and expertise by the mere act of renting a single piece of property (*see, Van Amerogen v Donnini, supra,* at 885 [dissenting opn]).

The decision in *Lombardi v Stout* (*supra*) also supports the conclusion that when an owner moves out of a one or two-family dwelling and thereafter rents the property to a third party or parties, the benefit of the statutory exception is lost (*see, id.,* at 297; *cf., Pigott v Church of the Holy Infancy, supra,* at 163 [on the issue of commercial use, "the relevant focus is upon the objective use to which the *dwelling* is put, not upon how the use is characterized from the owner's perspective"] [emphasis in original]). Notably, in *Lombardi v Stout* (*supra*), the Court of Appeals rejected the defendant's claim of entitlement to the benefit of the exception on the basis of his previous use of the building as a one-family residence and concluded that if renovations were being made for the purpose of preparing the house for commercial rental (a determination that could not be made on the record before it), the exception would not be available (*see, id.,* at 297).

Applying the foregoing analysis to the facts of the present case, we believe that defendants' use of the subject two-family residence is (and has been since 1984) purely commercial and the statutory exception is not available to them. The undisputed evidence that defendants previously lived in the dwelling, their reason for moving out, and the fact that they own no other commercial properties are simply irrelevant. We therefore reverse Supreme Court's order granting summary judgment in favor of defendants and reinstate the complaint.

Finally, in view of plaintiffs' uncontroverted evidentiary showing that no safety devices were in place on the portion of the roof where plaintiff was working at the time of his fall (*see, Brown v Sagamore Hotel,* 184 AD2d 47, 51-52), we conclude that Supreme Court also erred in denying the cross motion.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and partial summary judgment awarded to plaintiffs on the issue of liability on their Labor Law § 240 cause of action.