■ Bernard Suydan et al., Appellants, v Louis Kaden et al., Respondents. (And a Third-Party Action.) [707 NYS2d 731] —Crew III, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered August 12, 1999 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) and seeking to recover damages for injuries sustained by plaintiff Bernard Suydan when he fell from the roof of defendants' barn while engaged in repair and restoration work thereon. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, contending that they were entitled to the exemption for owners of one or two-family dwellings contained in Labor Law § 240

(1) and § 241 (6).* Supreme Court granted the motion, prompting this appeal by plaintiffs.

The record reveals that defendants' barn was located on property that included a one-family home in which defendant Joan Kaden resided, a second house that was leased to tenants and farm acreage that was leased to a neighboring farmer for $400 per year. The farmer's lease included the right to use the barn which, according to the farmer, he used as a matter of convenience to store wagons when he was working nearby fields. Joan Kaden also used the barn to store personal belongings.

It is well settled that the existence of both residential and commercial uses on a property does not automatically disqualify a one or two-family homeowner from invoking the statutory exemption; rather, the availability of the exemption depends upon the site and purpose of the work (see, Cannon v Putnam, 76 NY2d 644, 650). In keeping with its legislative purpose, the exemption is available to a homeowner who contracts for work that directly relates to the residential use of the home, even if such work also serves a commercial purpose (see, Bartoo v Buell, 87 NY2d 362, 368).

As applied to the matter before us, the mere fact that the work was performed on the barn and not on the residential dwelling itself does not preclude application of the exemption, for "the barn, located on [defendants'] property and used in part for personal storage purposes, is akin to a garage and should be considered an extension of the dwelling within the scope of the homeowner exemption" (id., at 369). Where, as here, the work was undertaken to preserve or restore the structural integrity of the barn and to protect defendants' own possessions stored therein, the exemption is applicable despite the ancillary benefit to the tenant farmer (see, Farrell v Okeic, 266 AD2d 892; see also, Bartoo v Buell, supra, at 369; Milan v Goldman, 254 AD2d 263).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Conceding that defendants did not direct or control the work, plaintiffs withdrew their negligence and Labor Law § 200 claims.