■ Robert J. Stone et al., Appellants, v Bonnie Altarac et al., Respondents. [761 NYS2d 109] —Crew III, J.P. Appeals (1) from an order of the Supreme Court (Nolan, Jr., J.), entered April 15, 2002 in Saratoga County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 19, 2002 in Saratoga County, which denied plaintiffs' motion for reconsideration.

In 1999, defendant Bonnie Altarac purchased a parcel of land in the hamlet of Johnsonville, Rensselaer County. The property was improved with a two-story structure, the ground floor of which previously had been used to operate a restaurant. Shortly after moving in, defendants began renovating the structure for use as their personal residence, including converting the old men's room into the family's downstairs bathroom and creating new living space on the ground floor. As part of the overall home improvement project, plaintiff Robert J. Stone, a roofer and childhood friend of defendant Marc Altarac, was hired in January 2000 to repair a leak in the roof over the newly renovated bathroom. During the course of this repair, Stone allegedly slipped on a patch of ice and fell from the roof to the ground below, sustaining various injuries to his back.

Plaintiffs thereafter commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, plaintiffs moved for partial summary judgment as to their Labor Law § 240 (1) and § 241 (6) claims, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendants' cross motion and denied both plaintiffs' initial motion for partial summary judgment and their subsequent motion for reargument and renewal. These appeals by plaintiff ensued.

Both Labor Law § 240 (1) and § 241 (6) provide an exemption from liability to "owners of one and two-family dwellings who contract for but do not direct or control the work." Plaintiffs, noting the parcel's prior history as a commercial entity and citing defendants' stated desire to one day operate a take-out pizzeria on a portion of the subject premises, contend that defendants are not entitled to the benefit of the statutory exemption. We cannot agree.

The case law makes clear that "the existence of both residential and commercial uses on a property does not automatically disqualify a one or two-family homeowner from invoking the statutory exemption; rather, the availability of the exemption depends upon the site and purpose of the work" (*Suydan v Ka-*

*den*, 272 AD2d 832, 833 [2000]; *see Bartoo v Buell*, 87 NY2d 362, 367-368 [1996]; *Cannon v Putnam*, 76 NY2d 644, 650 [1990]; *Facteau v Allen*, 293 AD2d 847 [2002]; *Yerdon v Lyon*, 259 AD2d 864, 865 [1999], *lv denied* 94 NY2d 754 [1999]). Thus, "[i]f the main purpose of the construction project is directly related to the owner's residential use of the property, the owner will receive the benefit of the exemption, even though the work may also incidentally benefit the commercial section of the structure" (*Johnson v Fox*, 268 AD2d 782, 784 [2000]).

Here, the record makes plain that the roof repair undertaken by Stone at the time of his accident was directed at preserving the integrity of the structure itself and primarily benefitted defendants' clearly residential use of the premises (*see Suydan v Kaden, supra*; *Johnson v Fox, supra*). The fact that repairing the leaky roof provided a tangential benefit to the potential commercial use of the structure does not deprive defendants of the statutory exemption (*see id.*). To be sure, defendants did plan to utilize a portion of their new home to operate a take-out pizzeria—a dream realized some 18 months after Stone's January 2000 accident[1] —and, at the time of Stone's accident, were using the former commercial kitchen for their personal cooking.[2] The fact remains, however, that as of January 2000, the property was not serving any commercial purpose. Thus, neither the presence of a commercial kitchen, the remnants of a former restaurant, defendants' entrepreneurial aspirations nor defendants' provision of a ladder for Stone's use (*see Miller v Trudeau*, 270 AD2d 683 [2000]) is sufficient to deny defendants the benefit of the statutory exemption. Plaintiffs' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.

(May 22, 2003)

---

1. Defendants sold the business to a third party approximately 12 weeks after it opened.

2. Marc Altarac testified at his examination before trial that this was done as a matter of convenience, as it would cost a substantial sum and take a significant amount of time to convert the commercial kitchen to a residential kitchen.