■ RANDY CROWNINGSHIELD, Appellant, v BARRY KIM et al., Respondents. [798 NYS2d 172]—

Mercure, J.P. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered October 8, 2004 in Broome County, which, inter alia, granted the motion of defendants Harold A. Koster and Joan M. Koster for summary judgment dismissing the complaint against them and sua sponte granted summary judgment dismissing the complaint against defendant Barry Kim.

Plaintiff was a laborer employed by defendant Barry Kim, who was hired by defendants Harold A. Koster (hereinafter

Koster) and Joan M. Koster to replace the roof of their barn. The barn was one of several structures on the Kosters' property, including their residence. At the time of plaintiff's accident, an extension of the barn was used to house the few sheep that remained from the Kosters' nearly defunct sheep farming and wool products business. The main part of the barn was used to store hay to feed the sheep, and was also used to store personal items unrelated to the sheep and wool enterprise. After the roof on the main barn had been completed and the scaffolding removed, plaintiff and his coworkers loaded the equipment from the work site into Kim's truck. Plaintiff then went back onto the roof to install roof jacks to enable Koster to paint the lower part of the cupola that was on the peak of the roof. As plaintiff was installing one of the roof jacks, he slipped and fell to the ground, breaking his left ankle.

Plaintiff commenced this action against the Kosters and Kim,* asserting causes of action based on common-law negligence and Labor Law § 200, as well as Labor Law § 240 (1) and § 241 (6). The Kosters moved for summary judgment dismissing the complaint against them and, on the same day, plaintiff moved for partial summary judgment against the Kosters and Kim on the issue of liability under Labor Law § 240 (1). Supreme Court granted the Kosters' motion, denied plaintiff's motion and, searching the record, granted summary judgment dismissing the complaint against nonmoving party Kim. Plaintiff appeals, and we reverse that part of Supreme Court's order as granted summary judgment to Kim.

Supreme Court properly dismissed plaintiff's causes of action pursuant to Labor Law § 240 (1) and § 241 (6) against the Kosters on the ground that they were entitled to the exemption for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241). It is uncontradicted that the barn was used for mixed purposes—some related to the Kosters' business and some related to their residential use of the property. Because the use of the barn related directly to the residential use of the property, the Kosters are entitled to the exemption even though the barn served some commercial purposes (see Bartoo v Buell, 87 NY2d 362, 368 [1996]; Cannon v Putnam, 76 NY2d 644, 650 [1990]; Suydan v Kaden, 272 AD2d 832, 833 [2000]; Johnson v Fox, 268 AD2d 782, 784 [2000]; Telfer v Gunnison Lakeshore Orchards, 245 AD2d 620, 621 [1997], lv denied 92 NY2d 803 [1998]; Vliet v Alweis, 227 AD2d 853, 854 [1996]; Stephens v Tucker, 184

* The complaint alleges that plaintiff was an employee of Kim and that Kim had failed to secure workers' compensation coverage for him.

AD2d 828, 830 [1992]). In light of the uncontradicted evidence that the barn was used to store personal items as well as farming-related items, a different result is not mandated by the Kosters' depreciation of the roof in the "Profit or Loss from Farming" schedule to their 2002 federal tax return.

Nor does evidence that Koster asked or directed plaintiff to install the roof jacks preclude the Kosters from invoking the exemption. That request had nothing to do with the method or manner in which plaintiff's work was performed, and thus, Koster did not direct or control plaintiff's work within the meaning of the exemption (*see Clark v Mann*, 280 AD2d 866, 867 [2001]; *Lyon v Kuhn*, 279 AD2d 760, 761 [2001]; *Jenkins v Jones*, 255 AD2d 805, 805-806 [1998]). Similarly, in the absence of evidence that Koster did more than ask or direct plaintiff to install the roof jacks, and there being no allegation that the Kosters had notice of an existing dangerous condition that caused plaintiff's fall, there can be no liability in common-law negligence or pursuant to Labor Law § 200 (*see Lyon v Kuhn, supra* at 760-761; *Jenkins v Jones, supra* at 806-807).

We conclude, however, that there is a triable issue of fact as to whether Kim was plaintiff's employer at the time of the fall. The fact that plaintiff may have gone up on the roof at Koster's behest does not necessarily remove plaintiff from Kim's employ (*cf. Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). While the record bears evidence that the main barn roof was complete and that Kim's equipment had been loaded into his truck at the time of plaintiff's accident, it also contains evidence consistent with a conclusion that plaintiff's employment with Kim had not yet concluded. Specifically, Kim paid plaintiff in cash, by the hour on a daily basis and, while plaintiff's accident occurred in the early afternoon, there is no evidence that Kim had determined that plaintiff's work day was over prior to the accident and, indeed, Kim stated that one of plaintiff's coworkers "was still on the job" shortly after plaintiff fell. Accordingly, the grant of summary judgment to Kim must be reversed.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted summary judgment to defendant Barry Kim, and, as so modified, affirmed.