■ Frederick N. Yelland, Appellant, v Sid Weissman et al., Respondents.—Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 13, 1990 in Ulster County, which granted defendants' motion to dismiss the second cause of action in the complaint.

Defendants purchased a single-family dwelling in 1984 and resided therein until 1986 when they purchased a larger residence. Upon moving into their new home they leased their first home to Vicky Westland and Stephen Westland for a period of two years, with an option to renew for an additional two-year period. During the term of that lease defendants contracted with plaintiff to paint their first home. They did not direct or control plaintiff's work. While painting the home, plaintiff fell from a ladder allegedly sustaining serious injuries. Plaintiff commenced an action against defendants alleging, *inter alia,* a cause of action pursuant to Labor Law § 240

(1) and § 241. Supreme Court granted defendants' motion to dismiss that cause of action and this appeal by plaintiff ensued.

Labor Law § 240 (1) and § 241 impose certain nondelegable duties upon contractors, owners and their agents with respect to the painting of a building "except owners of one and two-family dwellings". The issue presented upon this appeal is whether defendants come within that exception. We believe they do based upon the reasoning used by the Court of Appeals in the recent decision of *Van Amerogen v Donnini* (78 NY2d 880). In that case the defendants purchased a one-family residence in 1970 and, from that time on, used it exclusively and continuously for rental to college students. The defendants at no time resided in the residence. The Court of Appeals, by a sharply divided court, held that the exception did not encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes. In its rationale for such holding, the court observed that "[t]he house in question here has always been used by these defendants exclusively for commercial purposes as income-producing rental property. There is record evidence that the bedrooms are rented to unrelated students individually * * *. * * * Thus, rather than a 'one [or] two-family [house]' as contemplated by the legislative exemption, the premises here is a commercial enterprise, a rooming house" *(supra,* at 883). Quite clearly, from a reading of that rationale, the court focused on the use to which the residence was put and not on the "physical" makeup thereof.

In the case at bar, we are dealing with a one-family dwelling. Unlike *Van Amerogen,* defendants here purchased the property for use as a residence and used it as such for two years. Upon moving to a new home they rented the property to a single family who, in turn, used it as a one-family dwelling. Under those circumstances, it cannot be said that defendants have used their one-family dwelling entirely and solely for commercial purposes. Indeed, holding that the mere rental of a dwelling excludes owners from protection of the exception would be contrary to the predictably envisioned second prong of the exception where an owner of a two-family dwelling resides in one part and rents the remainder to another family.

Accordingly, we find that defendants are owners of a one-family dwelling and come within the exceptions of Labor Law § 240 (1) and § 241. Supreme Court's order should therefore be affirmed.

Weiss, J. P., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.