(June 7, 1993)

■ MOHAMMAD ALI, Appellant, v RAY OLISA, Respondent, et al., Defendants. [599 NYS2d 73] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated May 16, 1991, which granted the defendant Ray Olisa's motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, and the defendant Ray Olisa's motion for summary judgment is denied.

On the morning of June 1, 1989, the plaintiff and two fellow employees were performing renovation work to the exterior of a two-family residence in Brooklyn, when the rope holding the scaffold upon which the plaintiff was standing allegedly broke. The scaffold fell to the ground, and the plaintiff sustained serious injuries. On the date of the accident, the two-family residence undergoing renovation was owned by the defendant Ray Olisa. The plaintiff subsequently commenced this action against Olisa and against his own employer, Comilla Quality Contracting, Inc., alleging, *inter alia,* that they had violated Labor Law § 240 (1) by failing to furnish such scaffolding and ropes as would provide him "proper protection". Olisa subsequently moved for summary judgment, contending that he was entitled to judgment as a matter of law because Labor Law § 240 (1), which imposes certain nondelegable safety duties upon "contractors and owners and their agents", specifically exempts from liability "owners of one and two-family dwellings who contract for but do not direct or control the work". The Supreme Court granted Olisa's motion, concluding that the homeowner's exception to liability contained in Labor Law § 240 (1) applied as a matter of law. However, subsequent to the determination by the Supreme Court, the Court of

Appeals decided *Van Amerogen v Donnini* (78 NY2d 880) and *Lombardi v Stout* (80 NY2d 290). Based upon these cases we now reverse.

As the party claiming the benefit of the statutory exception from the absolute liability imposed by Labor Law § 240 (1), Olisa has the burden of demonstrating that it applies here *(see, Lombardi v Stout, supra,* at 297). Although Olisa maintains that the exception is applicable as a matter of law because the premises were vacant at the time of the accident and was not being used for commercial purposes, the homeowner's exception would not be applicable "if his purpose in making renovations was to prepare the house for commercial rental" *(Lombardi v Stout, supra,* at 297), or for another exclusively commercial use *(see, Van Amerogen v Donnini, supra,* at 882). Since, on the record before us, a question of fact exists with respect to Olisa's intended use of the property, we cannot agree that the homeowner's exception to liability applies here as a matter of law, and Olisa's motion for summary judgment must therefore be denied. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.