■ CHARLES P. LEHNER, Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. [633 NYS2d 911] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memo-

randum: Supreme Court properly granted summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action against defendant D.A. Elia Construction Corp. *(see, Lehner v Dormitory Auth.,* 201 AD2d 948). The court erred, however, in granting summary judgment to defendants dismissing the Labor Law § 200 causes of action. Plaintiff submitted proof that defendants affirmatively created the dangerous condition that caused his accident by directing the placement of steel beams at a location that did not permit the safe passage of large pieces of construction equipment *(see, Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796, 797). Thus, plaintiff "may be able to show that defendant[s] * * * exercised the requisite degree of supervision and control over the portion of the work that led to his injury" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506).

The court also erred in granting summary judgment dismissing plaintiff's Labor Law § 241 (6) causes of action. Plaintiff alleges that his injuries are the result of defendants' violation of Industrial Code (12 NYCRR) § 23-2.1 (a) (1), which requires that building materials be "so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare." We conclude that that regulation is specific enough to support the Labor Law § 241 (6) causes of action *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 502-504; *Adams v Glass Fab,* 212 AD2d 972). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Labor Law.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.