OPINION OF THE COURT
William E. Sherwood, J.
It is hereby ordered that defendants’ motion is denied and *16 plaintiffs’ cross motion is granted to the extent that plaintiffs are granted partial summary judgment on the issue of liability pursuant to section 240 of the Labor Law.
On August 4, 1997, plaintiff Miguel Perez fell from a deck upon which he was working at a one-family home owned by defendants and sustained physical injury. Defendants had owned the premises since 1971 and used it as their residence until 1986. After moving to another home, defendants rented the home to other families.
Defendants move for summary judgment dismissing the complaint relying upon the homeowner’s exemption contained in Labor Law § 240 (1) for “owners of one and two-family dwellings who contract for but do not direct or control the work.”
In 1991 the Court of Appeals decided Van Amerogen v Donnini (78 NY2d 880). In that case, the owners of a one-family dwelling who had continuously rented the premises to college students were not afforded the benefit of the exemption. The Court found “no basis for concluding that [the] exemption should be expanded to encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes and who hardly are lacking in sophistication or business acumen such that they would fail to recognize the necessity to insure against the strict liability imposed by the statute” (Van Amerogen v Donnini, 78 NY2d, supra, at 882).
Later the same year, the Appellate Division, Third Department, decided Yelland v Weissman (177 AD2d 874) upon which defendants in the case at bar heavily rely. In that case, the owners of a single-family dwelling had resided there for two years, moved to a new residence, and were renting the dwelling to tenants when the accident at issue occurred. The Appellate Division found that the owners were entitled to avail, themselves of the exemption, distinguishing Van Amerogen (supra) on the following grounds: “Unlike Van Amerogen, defendants here purchased the property for use as a residence and used it as such for two years. Upon moving to a new home they rented the property to a single family who, in turn, used it as a one-family dwelling. Under those circumstances, it cannot be said that defendants have used their one-family dwelling entirely and solely for commercial purposes. Indeed, holding that the mere rental of a dwelling excludes owners from protection of the exception would be contrary to the predictably envisioned second prong of the exception where an owner of a two family dwelling resides in one part and rents the remainder to another family.” (177 AD2d, supra, at 875.)
*17 Plaintiffs in the case at bar contend that Yelland (supra) was effectively overruled the following year by the Court of Appeals in Lombardi v Stout (80 NY2d 290). In that case, the plaintiff was working for a contract vendee on property being purchased for commercial residential rental. The property was subsequently rented to two families. The Court of Appeals held that the defendant could not avail himself of the exemption stating “[t]he exception is not applicable * * * if his purpose in making renovations was to prepare the house for commercial rental” (80 NY2d, supra, at 297).
The court rejects plaintiffs’ contention that Lombardi v Stout (80 NY2d 290, supra) directly overruled Yelland v Weissman (177 AD2d 874, supra) although it is instructive. In Lombardi the plaintiff was not working on premises which had been previously occupied by the owners as was the case in Yelland and in the case at bar. Lombardi does clarify that use of property solely for residential rentals constitutes a commercial use of the property.
The general rule in New York is that the doctrine of stare decisis requires that a trial court follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division of its own department rules to the contrary (see, Mountain View Coach Lines v Storms, 102 AD2d 663).
This court has not found a decision by the Appellate Division, Second Department, directly on point in which that Court has expressly ruled that the former occupant of a house is entitled to the exemption afforded by Labor Law § 240 when the owner is renting the house to tenants. Nevertheless, decisions and analysis by the Second Department indicate that that Court would reach a result contrary to that reached by the Third Department in Yelland (supra) and, therefore, this court declines to follow the Third Department’s holding in that case.
In its analysis of issues involving the homeowner’s exemption from the strict liability imposed by the Labor Law, the Second Department has followed the analytical approach first advanced by the Court of Appeals in Cannon v Putnam (76 NY2d 644) which focuses on the site and purpose of the work being performed when the worker is injured.
In Krukowski v Steffensen (194 AD2d 179) the plaintiff was injured while working on a roof of premises being put to both a commercial and residential use. The upper level of the house was used primarily but not exclusively as a residence and the *18 lower level was devoted to a photography .business. The defendants employed three employees at the premises and 70% of the expenses and depreciation on the property were allocated to the business and there was a separate entrance to the building for the business. In an opinion of Justice Santucci, the Second Department noted the Court of Appeals statement in Van Amerogen v Donnini (supra) that exemption may “ ‘properly be extended “only so far as [the] language [of exception] fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception” (Krukowski v Steffensen, supra, at 182, quoting Van Amerogen v Donnini, 78 NY2d, supra at 882, quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 213). The Court held that since the repair of the roof had a practical value to a commercial use the exemption was available to the defendants.
In Ali v Olisa (194 AD2d 578), the plaintiff was performing renovation work on a vacant two-family dwelling when injured. Supreme Court, Kings County, had granted the defendant owner’s motion for summary judgment on the ground that the defendant was entitled to the exemption. The Second Department reversed, finding a triable issue of fact as to the defendant’s intended use of the property noting that if the purpose of the renovation was to prepare the house for commercial rental, the exemption did not apply (supra, at 579, citing Lombardi v Stout, 80 NY2d 290, supra).
In Putnam v Karaco Indus. Corp. (253 AD2d 457) the Second Department held that when a commercial use is merely incidental to a previously residential use the exemption is available.
Applying the Second Department’s approach to the facts of the case at bar, the court finds that deféndants may not avail themselves of the exemption. Using the Cannon v Putnam site/ purpose analysis, the court finds that the renovation of the deck was being performed to benefit defendants’ use of the premises solely as income-producing property and is, therefore, a commercial use (see, Lombardi v Stout, supra). There is no indication in the record that defendants ever intended to use the premises as their residence again. In the nine years between their departure and the accident they had rented the home to “four or five” different families. The court finds the use of the property to be commercial.
The Third Department’s reliance in Yelland v Weissman (supra) on the fact that the owners had once lived at the premises was reliance on a factor which does not enter site/ *19 purpose analysis. If, for example, the owner moved out of the premises and converted the premises to a rental store, the exemption unquestionably would not be applicable. If the present use of the premises is solely one of commercial residential rental the exemption is not available (see, Van Amerogen v Donnini, supra; Lombardi v Stout, supra; Ali v Olisa, supra), and to afford the exemption ad infinitum on the ground that the premises had once been used as the owner’s residence would unduly expand the exemption (see, Krukowski v Steffensen, 194 AD2d, supra, at 182).
Accordingly, defendants’ motion is denied and plaintiffs’ cross motion is granted.