■ JOHN HEEREMA, JR., Appellant, v JOHN KENUL et al., Respondents, et al., Defendant. [733 NYS2d 101] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 20, 2000, which denied his motion for partial summary judgment on the issue of liability on his second cause of action to recover damages pursuant to Labor Law § 240 (1), and, in effect, upon searching the record, granted summary judgment to the defendants dismissing that cause of action and the third cause of action which was to recover damages pursuant to Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was injured during construction of the defendants' cabin. The cabin was to have a basement, a small office,

two bedrooms on the second floor, and open space for a living room, dining room, and kitchen area on the ground floor. The defendants were planning to use it for sleeping and eating when they went hunting. It is undisputed that no commercial use of the cabin was planned.

The Supreme Court properly dismissed the plaintiff's claims under Labor Law § 240 (1) and § 241 (6). It is clear that the cabin was intended to be for the private use of its owners who would dwell, albeit temporarily while hunting, in what is, for the purposes of the Labor Law, a one- or two-family dwelling (*see, Bartoo v Buell,* 87 NY2d 362). Accordingly, the Supreme Court properly held that the Labor Law exemption for one- and two-family dwellings was applicable here (*see,* Labor Law §§ 240, 241). That the defendants placed a sign reading "J.P.K. Club" at the entrance to the property is of no moment. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.