■ Santiago Castillo, Respondent-Appellant, v 3440 LLC, Respondent, and Carmen Santos, Individually and Doing Business as Reids House of Beauty, Appellant. (And a Third-Party Action.) [847 NYS2d 575]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered November 9, 2006, which, to the extent appealed from, denied the motion by defendant Santos for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim but granted defendant 3440 LLC's motion for similar relief, affirmed, without costs.

Plaintiff alleges he was injured when he was struck by boards of sheetrock while performing renovation work. Plaintiff's expert, a professional engineer whose opinion is unrefuted, found that the boards, which had been leaning against the wall, were inherently unstable and unsafely stored, in violation of Industrial Code (12 NYCRR) § 23-2.1 (a) (1) (*see Lehner v Dormitory Auth. of State of N.Y.*, 221 AD2d 958 [1995]). As such, the Santos motion for dismissal of the Labor Law § 241 (6) claim against him was properly denied.

It is undisputed that Santos did not obtain prior written consent for this work, in violation of the lease terms, and that 3440 LLC did not learn of the renovation until after plaintiff's accident. Accordingly, the section 241 (6) claim was properly dismissed as against 3440 LLC (*see Sanatass v Consolidated Inv. Co., Inc.*, 38 AD3d 332 [2007]). Concur—Lippman, P.J., Mazzarelli, Catterson and Kavanagh, JJ.

Marlow, J., dissents in part in a memorandum as follows: I agree with the majority that the motion of defendant 3440 LLC to dismiss plaintiff's Labor Law § 241 (6) claim against it was properly granted.

The regulation on which plaintiff relies to assert a Labor Law § 241 (6) claim against defendant Santos governs the proper and safe storage of building materials in a "passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1 [a] [1]). It is uncontested that plaintiff's accident occurred in an open work space. Consequently, I would also grant the motion of defendant Santos for summary judgment dismissing plaintiff's section 241 (6) claim against it (*see Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 382 [2007]; *Militello v 45 W. 36th St. Realty Corp.*, 15 AD3d 158, 159-160 [2005]).