■ Michael Desena et al., Respondents-Appellants, v North Shore Hebrew Academy et al., Defendants/Second Third-Party Plaintiffs-Appellants-Respondents. G.I.C. Construction Company, Second Third-Party Defendant/Third Third-Party Plaintiff-Respondent-Appellant; Carlo Lizza & Sons, Inc., Third Third-Party Defendant/Fourth Third-Party Plaintiff-Respondent-Appellant; Carlo Lizza & Sons Paving, Inc., Third Third-Party Defendant-Respondent-Appellant; Corinthian Cast Stone, Inc., Fourth Third-Party Defendant-Respondent-Appellant. (Action No. 1.) Michael Desena et al., Respondents-Appellants, v NSHA Construction Corp., Defendant/Third-Party Plaintiff-Appellant-Respondent. G.I.C. Construction Company, Third-Party Defendant/Second Third-Party Plaintiff-Respondent-Appellant; Carlo Lizza & Sons, Inc., et al., Second

Third-Party Defendants-Respondents-Appellants. (Action No. 2.) [989 NYS2d 505]—

In two related actions to recover damages for personal injuries, etc., (1) North Shore Hebrew Academy, North Shore Hebrew Academy High School, and NSHA Construction, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 18, 2012, as denied their cross motion, inter alia, for summary judgment dismissing the complaints, (2) G.I.C. Construction Company cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion, inter alia, for summary judgment dismissing the second third-party complaint in action No. 1 and the third-party complaint in action No. 2, (3) Carlo Lizza & Sons, Inc., and Carlo Lizza & Sons Paving, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied their motion, inter alia, for summary judgment dismissing the third third-party complaint in action No. 1 and the second third-party complaint in action No. 2, (4) Corinthian Cast Stone, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion, inter alia, for summary judgment dismissing the fourth third-party complaint in action No. 1, and (5) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as purportedly denied that branch of their cross motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1).

Ordered that the cross appeal by the plaintiffs is dismissed, as they are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of Carlo Lizza & Sons, Inc., and Carlo Lizza & Sons Paving, Inc., inter alia, for summary judgment dismissing the third third-party complaint in action No. 1 and the second third-party complaint in action No. 2, and substituting therefor a provision granting that motion, (2) by deleting the provision thereof denying the cross motion of Corinthian Cast Stone, Inc., inter alia, for summary judgment dismissing the fourth third-party complaint in action No. 1, and substituting therefor a provision granting that motion, (3) by deleting the provision thereof denying that branch of the cross motion of North Shore Hebrew Academy, North Shore Hebrew Academy High School, and NSHA Construction, LLC, which

was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 241 (6) and 241-a, and substituting therefor a provision granting that branch of that cross motion, and (4) by deleting the provision thereof denying those branches of the cross motion of G.I.C. Construction Company which were for summary judgment dismissing the causes of action in the second third-party complaint in action No. 1 and the third-party complaint in action No. 2 for contractual indemnification and to recover damages for breach of contract, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to Carlo Lizza & Sons, Inc., and Carlo Lizza & Sons Paving, Inc., payable by G.I.C. Construction Company, and one bill of costs is awarded to Corinthian Cast Stone, Inc., payable by Carlo Lizza & Sons, Inc., and Carlo Lizza & Sons Paving, Inc.

The injured plaintiff was employed as a masonry laborer on a project to build a school on property owned by the defendants North Shore Hebrew Academy and North Shore Hebrew Academy High School. He alleges that he was injured when a heavy stone block toppled off a pallet and struck his foot. At the time of the accident, the injured plaintiff was standing near the pallet waiting to attach the blocks on the pallet to a type of forklift, known as a "lull," which would then carry the blocks to the area where they were to be used. According to the injured plaintiff, the ground underneath the pallet was uneven and covered with ice, and the blocks were stacked vertically on the pallet and not secured onto it in any manner when the accident occurred. In addition, the injured plaintiff claims that immediately before the accident, a front loader being used to remove snow nearby caused a strong vibration that jarred the blocks on the pallet.

The injured plaintiff, and his wife suing derivatively, commenced an action against the worksite owners, North Shore Hebrew Academy and North Shore Hebrew Academy High School, and the construction manager, NSHA Construction Corp. (hereinafter collectively the defendants), seeking, inter alia, to recover damages pursuant to Labor Law §§ 240 (1), 241 (6) and 241-a. The defendants then commenced third-party actions against G.I.C. Construction Company (hereinafter GIC), the excavation contractor on the construction project, seeking contractual and common-law indemnification, contribution, and damages for breach of contract related to an alleged failure to

procure insurance. GIC then commenced third-party actions against Carlo Lizza & Sons, Inc., and Carlo Lizza & Sons Paving, Inc. (hereinafter together the Lizza defendants), the paving contractors on the construction project, seeking contribution and indemnification. The Lizza defendants commenced a third-party action against Corinthian Cast Stone, Inc., the stone supplier, seeking contribution and indemnification. The defendants and the various third-party defendants thereafter moved for summary judgment.

The Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1). The defendants failed to establish their prima facie entitlement to judgment as a matter of law. Labor Law § 240 (1) mandates that owners and contractors "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The statute imposes absolute liability on owners and contractors whose failure to "provide proper protection to workers employed on a construction site" proximately causes injury to a worker (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011] [internal quotation marks omitted]; *see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]). The defendants failed to show that the injured plaintiff's alleged injuries resulted from a general hazard encountered at a construction site and were not "the direct consequence of a failure to provide" an adequate device of the sort enumerated in Labor Law § 240 (1) (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Those devices are intended to protect "against a risk arising from a physically significant elevation differential" (*id.* at 603). The defendants' submissions did not establish that the accident was not the result of a failure to provide a protective device contemplated by the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d at 491).

However, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 241 (6), because the Industrial Code provisions cited by the plaintiffs as predicates for those causes of action are inapplicable to the facts. The accident occurred in an open area at a

worksite, not a "passageway, walkway, stairway or other thoroughfare," and as such, 12 NYCRR 23-2.1 is not applicable (12 NYCRR 23-2.1 [a] [1]; *see Barrios v Boston Props. LLC*, 55 AD3d 339 [2008]; *Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260 [2008]). Similarly, 12 NYCRR 23-1.7 (e) (2), which requires working areas, such as a floor, to be kept clear of debris and "scattered tools and materials . . . insofar as may be consistent with the work being performed," is not applicable (12 NYCRR 23-1.7 [e] [2]; *see Marrero v 2075 Holding Co. LLC*, 106 AD3d 408 [2013]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872 [2010]). Also, 12 NYCRR 23-2.1 (a) (2), which provides, in relevant part, that "[m]aterial and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold," and that "[m]aterial and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge," is inapplicable here (*see Marrero v 2075 Holding Co. LLC*, 106 AD3d at 410). In addition, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241-a. Labor Law § 241-a, which relates to those working in or at elevator shaftways, hatchways, and stairwells, is not applicable to the facts (*see* Labor Law § 241-a).

Furthermore, the Supreme Court should have granted the Lizza defendants' motion, inter alia, for summary judgment dismissing the third third-party complaint in action No. 1 and the second third-party complaint in action No. 2. The key element of a cause of action for common-law indemnification is not a duty running from the indemnitor to the injured party, but rather, is a separate duty owed the indemnitee by the indemnitor (*see Raquet v Braun*, 90 NY2d 177 [1997]; *Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909 [2012]). " 'Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' " (*Henderson v Waldbaums*, 149 AD2d 461, 462 [1989], quoting *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985]). Here, the Lizza defendants established their entitlement to judgment as a matter of law dismissing the common-law indemnification causes of action by showing, prima facie, that any liability of GIC would be based on GIC's actual wrongdoing, not on GIC's vicarious liability (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]; *Reimold v*

*Walden Terrace, Inc.*, 85 AD3d 1144 [2011]). The Lizza defendants also established their entitlement to judgment as a matter of law dismissing the contribution causes of action by establishing, prima facie, that they were not responsible for the happening of the accident (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]; *Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc.*, 110 AD3d 680, 682-683 [2013]; *Marist Coll. v Chazen Envtl. Servs., Inc.*, 84 AD3d 1181, 1183 [2011]). In opposition, GIC failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Similarly, Corinthian Cast Stone, Inc. (hereinafter Corinthian), established, prima facie, that it was not responsible for the happening of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the Lizza defendants failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court should have granted Corinthian's cross motion, inter alia, for summary judgment.

GIC established its prima facie entitlement to judgment as a matter of law dismissing the causes of action in the third-party complaints to recover damages for breach of contract and for contractual indemnification. A party's right to contractual indemnification depends upon the specific language of the relevant contract (*see Sawicki v GameStop Corp.*, 106 AD3d 979 [2013]; *Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255 [2010]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]). Here, GIC established the absence of a contractual agreement between it and the defendants. Accordingly, the Supreme Court improperly denied those branches of GIC's cross motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract and for contractual indemnification, inasmuch as GIC established, prima facie, that it was not contractually obligated to procure insurance or indemnify, and a triable issue of fact was not raised in opposition (*see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 616 [2011]).

The parties' remaining contentions are without merit. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.