■ DOMINICK J. COSTA, as Administrator of the Estate of DOMINICK J. COSTA, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [997 NYS2d 690]—

In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Lopez-Summa, J.), dated September 25, 2013, as denied that branch of its motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it alleged a violation of Industrial Code (12 NYCRR) §§ 23-1.7 (e) (1) and 23-2.1 (a) (1), and the claimant cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it alleged a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it alleged a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The claimant's decedent allegedly was injured while working as an oiler on a crane barge situated near the Wantagh Bridge. The claimant alleges that the decedent was walking on a steel beam and, as he went to step down from the beam onto a "stack of wood" that was about three-to-four feet high, the wood "gave way," he "lost [his] footing," and he fell. The claimant asserted a Labor Law § 241 (6) cause of action based on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7 (e) (1) and (2) and 23-2.1 (a) (1).

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it alleged a violation of 12 NYCRR 23-1.7 (e) (2), and should have granted that branch of the defendant's motion which was for summary judgment dismissing that cause of action insofar as it alleged a violation of 12 NYCRR 23-1.7 (e) (1). The defendant established, prima facie, that these regulations are inapplicable because the decedent did not trip, and the pile of wood that was between three-to-four feet high could not be considered a tripping hazard (see Stier v One Bryant Park LLC, 113 AD3d 551 [2014];

*Cerverizzo v City of New York*, 111 AD3d 535, 536 [2013]; *Gaspar v Pace Univ.*, 101 AD3d 1073, 1074 [2012]; *Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 679 [2012]). In opposition, the claimant failed to raise a triable issue of fact.

However, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it alleged a violation of Industrial Code (12 NYCRR) § 23-2.1 (a) (1). The defendant failed to establish prima facie that the accident did not occur on a passageway (*see Aragona v State of New York*, 74 AD3d 1260, 1261-1262 [2010]). Further, there was no showing that the pile of wood was properly stored (*see Rodriguez v DRLD Dev., Corp.*, 109 AD3d 409 [2013]; *Castillo v 3440 LLC*, 46 AD3d 382 [2007]). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.