Slowe v Lecesse Constr. Servs., LLC (2021 NY Slip Op 01887)





Slowe v Lecesse Constr. Servs., LLC


2021 NY Slip Op 01887


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


60 CA 19-01806

[*1]TERRY SLOWE, PLAINTIFF-APPELLANT,
v
LECESSE CONSTRUCTION SERVICES, LLC, AND STONE QUARRY HOUSING DEVELOPMENT FUND CORP., DEFENDANTS-RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN WALLACE, ROCHESTER (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered September 6, 2019. The order, among other things, granted in part the motion of defendants and dismissed the Labor Law §§ 240 (1) and 241 (6) claims and denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion with respect to the Labor Law § 241 (6) claim and reinstating that claim, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages after he was injured by a component of an unbuilt mailbox structure that fell onto him at a construction site. The site was owned by defendant Stone Quarry Housing Development Fund Corp., and the construction project was managed by defendant Lecesse Construction Services, LLC. In his complaint, plaintiff asserted, inter alia, a Labor Law § 241 (6) claim. Defendants moved for summary judgment dismissing the complaint, and plaintiff now appeals from an order that, among other things, granted that motion in part and dismissed, inter alia, the section 241 (6) claim.
Plaintiff's Labor Law § 241 (6) claim is predicated on 12 NYCRR 23-2.1 (a) (1), which provides in relevant part that "[a]ll building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare" (see generally Aragona v State of New York, 74 AD3d 1260, 1261-1262 [2d Dept 2010]; Lehner v Dormitory Auth. of State of N.Y., 221 AD2d 958, 959 [4th Dept 1995]). Contrary to defendants' assertion, the scope of 12 NYCRR 23-2.1 (a) (1) is not limited exclusively to obstructed thoroughfares (see Rodriguez v DRLD Dev., Corp., 109 AD3d 409, 410 [1st Dept 2013]; Castillo v 3440 LLC, 46 AD3d 382, 383 [1st Dept 2007]; but see Cody v State of New York, 82 AD3d 925, 928 [2d Dept 2011]; Burkoski v Structure Tone, Inc., 40 AD3d 378, 382 [1st Dept 2007]). Rather, the plain text of the regulation creates three distinct obligations and potential sources of liability: first, "[a]ll building materials shall be stored in a safe and orderly manner"; second, "[m]aterial piles shall be stable under all conditions"; and third, "[m]aterial piles shall be . . . so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1 [a] [1]). Neither Motyka v Ogden Martin Sys. of Onondaga Ltd. Partnership (272 AD2d 980, 981 [4th Dept 2000]) nor Cafarella v Harrison Radiator Div. of Gen. Motors (237 AD2d 936, 938 [4th Dept 1997]) supports defendants' interpretation of 12 NYCRR 23-2.1 (a) (1) because those cases addressed only the obstructed-thoroughfare portion of the regulation.
Here, we agree with plaintiff that the mailbox component at issue qualifies as a "building material[]" within the meaning of 12 NYCRR 23-2.1 (a) (1), and we further agree with plaintiff that triable issues of fact exist regarding the "safe[ty] and orderl[iness]" of the "manner" in which [*2]defendants "stored" that "building material[]." Consequently, Supreme Court erred in granting defendants' motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 241 (6) claim (see Rodriguez, 109 AD3d at 410; Castillo, 46 AD3d at 383). We therefore modify the order accordingly.
We have considered and rejected plaintiff's remaining contentions.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court