Parrino v Rauert (2022 NY Slip Op 04970)

Parrino v Rauert

2022 NY Slip Op 04970

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12056
 (Index No. 9555/14)

[*1]Salvatore Parrino, et al., appellants-respondents,
v
Theodore Rauert, et al., respondents-appellants.

Keith D. Silverstein & Associates, LLP (Rubin Law, PLLC, New York, NY [Denise A. Rubin], of counsel), for appellants-respondents.
Martyn & Martyn, Mineola, NY (Thomas M. Martyn of counsel), for respondent-appellant Theodore Rauert.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, the defendant Theodore Rauert cross-appeals, and the defendants Spectrum Professional Inspection Services, Inc., and Robert Steiner separately cross-appeal from an order of the Supreme Court, Queens County (Laurence L. Love, J.), dated June 27, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Theodore Rauert which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against him, and denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The order, insofar as cross-appealed from by the defendant Theodore Rauert, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against him.
ORDERED that the cross appeal by the defendants Spectrum Professional Inspection Services, Inc., and Robert Steiner is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from, and insofar as cross-appealed from by the defendant Theodore Rauert, without costs or disbursements.
In June 2013, Salvatore Parrino (hereinafter the injured plaintiff) was hired to perform tile work at a single-family residence in Broad Channel (hereinafter the property) owned by the defendant Theodore Rauert. While working at the property, the injured plaintiff sustained injuries when approximately 20 unsecured panels of sheetrock, each measuring four feet by eight feet, which were being stored in an upright position on the porch of the property, toppled and pinned him against the wall of the porch.
Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against Rauert, among others, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). Rauert subsequently moved, and the other defendants separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs opposed the defendants' motions and cross-moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
In an order dated June 27, 2019, the Supreme Court, inter alia, granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them, denied those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them, and denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiffs appeal, and Rauert cross-appeals.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916 [emphasis omitted], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Therefore, to recover under Labor Law § 240(1), the injured plaintiff "must have suffered an injury as 'the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Soto v J. Crew Inc., 21 NY3d 562, 566, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
"With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "Therefore, a plaintiff must show more than simply that an object fell, thereby causing injury to a worker. A plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Simmons v City of New York, 165 AD3d 725, 727 [citation, alterations, and internal quotation marks omitted]).
Here, Rauert established, prima facie, that the injured plaintiff's injuries were not caused by an elevation-related or gravity-related risk within the scope of Labor Law § 240(1) (see Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1108-1109; Simmons v City of New York, 165 AD3d at 726-727; Miles v Buffalo State Alumni Assn., Inc., 121 AD3d 1573, 1574; Rodriguez v D & S Bldrs., LLC, 98 AD3d 957, 958). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the affidavit of their expert was speculative and conclusory in regard to this issue (see Rodriguez v D & S Bldrs., LLC, 98 AD3d at 958-959). Accordingly, the Supreme Court properly granted that branch of Rauert's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against him, and, for the same reasons, properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action.
The Supreme Court also properly determined that Rauert failed to establish, prima facie, that he was exempt from liability on the cause of action alleging a violation of Labor Law § 241(6) pursuant to the homeowner exemption. Owners of one- or two-family dwellings are exempt from liability under Labor Law § 241(6) unless they directed or controlled the work being performed (see Bartoo v Buell, 87 NY2d 362, 367; Khan v Khan, 197 AD3d 1165, 1167). The applicability of the exemption turns on whether the site and purpose of the work were connected to the owner's residential use of the property (see Khela v Neiger, 85 NY2d 333, 337-338; Marquez v Mascioscia, 165 AD3d 912, 913). "Where an owner engages in both commercial and residential uses of the property, a determination as to whether the exemption applies must be based on the owner's intentions at the time of the injury" (Marquez v Mascioscia, 165 AD3d at 913 [alterations and internal quotation marks omitted]).
Contrary to the plaintiffs' contention, Rauert was not required to demonstrate that the property was his primary residence to claim the benefit of the homeowner exemption (see Ramsden v Geary, 195 AD3d 1488, 1489; Fawcett v Stearns, 142 AD3d 1377, 1378; Heerema v Kenul, 288 AD2d 185, 186). Nonetheless, Rauert failed to establish, prima facie, that the renovation of the property was related to its residential use. Rauert testified at his deposition that, at the time of the subject accident, he was "up in the air" as to whether he intended to live at the property or use it as a rental property once the restoration work was completed. Based on this testimony, the Supreme Court properly determined that triable issues of fact existed as to the purpose of the work performed [*2]and Rauert's intentions at the time of the injury (see Truppi v Busciglio, 74 AD3d 1624, 1625; Ali v Olisa, 194 AD2d 578, 579). Accordingly, that branch of Rauert's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against him, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action, were both properly denied.
Contrary to Rauert's further contention, the Supreme Court properly rejected his alternative argument that he was entitled to summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against him. Rauert failed to make a prima facie showing eliminating all triable issues of fact as to whether that provision of the Industrial Code, which requires, inter alia, that "[a]ll building materials" be "stored in a safe and orderly manner," was applicable under the circumstances of this case (12 NYCRR 23-2.1[a][1]; see Slowe v Lecesse Constr. Servs., LLC, 192 AD3d 1645, 1646; Costa v State of New York, 123 AD3d 648, 649; Rodriguez v DRLD Dev., Corp., 109 AD3d 409, 410; Castillo v 3440 LLC, 46 AD3d 382, 383).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court