Merlo v 49 Grove Realty, LLC (2025 NY Slip Op 03563)

Merlo v 49 Grove Realty, LLC

2025 NY Slip Op 03563

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-06926
 (Index No. 54711/21)

[*1]Lehi Alejandro Nuñez Merlo, et al., appellants-respondents, 
v
49 Grove Realty, LLC, et al., defendants third-party plaintiffs-respondents; Mid-State Construction Corp., third-party defendant-respondent-appellant (and another third-party action).

Ginarte Gonzalez & Winograd LLP, New York, NY (Anthony F. DeStefano of counsel), for appellants-respondents.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for defendants third-party plaintiffs-respondents.
Gerber, Ciano, Kelly, Brady LLP, Buffalo, NY (Matthew S. Lerner of counsel), for third-party defendant-respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the third-party defendant cross-appeals, from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 22, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-2.1(a)(1). The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendants third-party plaintiffs and the third-party defendant appearing separately and filing separate briefs.
In December 2018, Lehi Alejandro Nuñez Merlo (hereinafter the injured plaintiff) allegedly sustained injuries at a construction site while working as a laborer for Ronalio Construction Corp. (hereinafter Ronalio). At the time, the defendant third-party plaintiff ABC Restoration, Inc., (hereinafter ABC) was a general contractor at the site and had subcontracted work to the third-party defendant Mid-State Construction Corp. (hereinafter Mid-State). Mid-State, in turn, subcontracted work to Ronalio.
The accident occurred when several "laminate" sheets of metal, which were being stored in an upright position along a wall in a basement room at the site, toppled and pinned the injured plaintiff against the floor.
Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against ABC and 49 Grove Realty, LLC (hereinafter together the ABC defendants), asserting, inter alia, causes of action alleging violations of Labor Law §§ 200(1), 240(1), and 241(6). The ABC defendants then commenced a third-party action against Mid-State, among other things, for indemnification. Following the completion of discovery, the ABC defendants and Mid-State separately moved, inter alia, for summary judgment dismissing the amended complaint. In an order dated March 22, 2023, the Supreme Court, among other things, granted those branches of the separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-2.1(a)(1). The plaintiffs appeal.
"'The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Parrino v Rauert, 208 AD3d 672, 673 [internal quotation marks omitted], quoting Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "'With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured" (Parrino v Rauert, 208 AD3d at 673 [internal quotation marks omitted], quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "'Therefore, a plaintiff must show more than simply that an object fell, thereby causing injury to a worker. A plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking'" (Parrino v Rauert, 208 AD3d at 674, quoting Simmons v City of New York, 165 AD3d 725, 727).
Here, the ABC defendants and Mid-State each established, prima facie, that the injured plaintiff's injuries were not caused by an elevation-related or gravity-related risk within the scope of Labor Law § 240(1) (see Parrino v Rauert, 208 AD3d at 674; Simmons v City of New York, 165 AD3d at 727). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the record does not disclose a triable issue of fact as to whether the metal sheets required securing for the purposes of the injured plaintiff's undertaking, which, at the time of the accident, simply involved his retrieving a tool from the storage room where the metal sheets were located (see Parrino v Rauert, 208 AD3d at 674; cf. Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 5). Accordingly, the Supreme Court properly granted those branches of the separate motions of the ABC defendants and Mid-State which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
"'Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor'" (Argueta v Hall and Wright, LLC, 230 AD3d 1200, 1201, quoting Moscati v Consolidated Edison Co. of NY, Inc., 168 AD3d 717, 718). "As a predicate to a section 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor promulgated in the Industrial Code" (Simmons v City of New York, 165 AD3d at 729; see Misicki v Caradonna, 12 NY3d 511, 515; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505).
Here, the ABC defendants and Mid-State each established, prima facie, that they were entitled to summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-2.1(a)(1), because the alleged accident did not, inter alia, occur in a passageway, walkway, stairway, or other thoroughfare (see Shewprasad v KSK Constr. Group, LLC, 231AD3d 762; Desena v North Shore Hebrew Academy, 119 AD3d 631, 634-635). In opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court