Guacho v DLV Empire, LLC (2025 NY Slip Op 06999)

Guacho v DLV Empire, LLC

2025 NY Slip Op 06999

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-01457
 (Index No. 502025/14)

[*1]Manuel Jesus Tene Guacho, appellant,
vDLV Empire, LLC, defendant, Kader Elite Construction, Inc., respondent (and a third-party action).

Rimland & Associates (Michael H. Zhu, Esq. P.C., New York, NY, of counsel), for appellant.
Foran Glennon Palandech Ponzi & Rudloff P.C., New York, NY (Joseph W. Szalyga and Mark O'Donnell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 28, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Kader Elite Construction, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against the defendant Kader Elite Construction, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Kader Elite Construction, Inc., which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant DLV Empire, LLC (hereinafter DLV), entered into a contract with the defendant Kader Elite Construction, Inc. (hereinafter Kader), for the construction of a new home on DLV's property. Aaron S. Construction Corp. (hereinafter Aaron) was hired to install elevators in the home.
The plaintiff, an employee of Aaron, allegedly was working on the elevator installation when a four-foot by eight-foot box containing an elevator door, which had been left standing on "a little bit of garbage," fell and pinned his leg, fracturing it. The plaintiff commenced this action against Kader, among others, to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).
Upon the completion of discovery, Kader moved, inter alia, for summary judgment [*2]dismissing the complaint insofar as asserted against it. The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against Kader. In an order dated December 28, 2020, the Supreme Court, among other things, granted that branch of Kader's motion and denied those branches of the plaintiff's motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (Aversano v JWH Contr., LLC, 37 AD3d 745, 746; see Londono v Dalen, LLC, 204 AD3d 658, 659). Similarly, "Labor Law § 241(6), by its very terms, imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [emphasis omitted], quoting Labor Law § 241[6]). A contractor is subject to liability under Labor Law §§ 240(1) and 241(6) where the contractor is "'responsible for coordinating and supervising the entire construction project and [is] invested with a concomitant power to enforce safety standards and to hire responsible contractors'" (Valdez v Turner Constr. Co., 171 AD3d 836, 839, quoting Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856).
Here, the plaintiff failed to eliminate triable issues of fact as to whether Kader was a general contractor for purposes of the Labor Law with respect to the plaintiff's work. In particular, the plaintiff's submissions failed to eliminate triable issues of fact as to whether Kader and Aaron were separate prime contractors with regard to the elevator installation work or whether Kader had a role in Aaron's hiring sufficient to impose liability under the Labor Law (seeMora v Nakash, 118 AD3d 964, 966; cf. Delaluz v Walsh, 228 AD3d 619, 622).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against Kader, regardless of the sufficiency of Kader's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Similarly, Kader failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing those causes of action insofar as asserted against it on the ground that it was not a general contractor subject to liability under the Labor Law.
Nevertheless, Kader established its prima facie entitlement to summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it on the alternative ground that the plaintiff's accident did not fall within the scope of that statute. "The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916 [emphasis omitted], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "To prevail on a cause of action pursuant to section 240(1) [of the Labor Law] in a falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Rzepka v City of New York, 227 AD3d 922, 923 [internal quotation marks omitted]; see Ruiz v Ford, 160 AD3d 1001, 1003). "This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Rzepka v City of New York, 227 AD3d at 923 [internal quotation marks omitted]; seeCarranza v JCL Homes, Inc., 210 AD3d 858, 859).
Here, Kader demonstrated, prima facie, that the box that fell on the plaintiff, which, according to the plaintiff's deposition testimony, he and his partner had approached but had not touched at the time it fell, was not a load that was being hoisted or secured, or required securing for purposes of the undertaking, and that the box did not fall because of the absence or inadequacy of a safety device (seeParrino v Rauert, 208 AD3d 672, 673-674; Gurewitz v City of New York, 175 AD3d 658, 660-661, 663). In opposition, the plaintiff failed to raise a triable issue of fact.
Therefore, the Supreme Court properly granted that branch of Kader's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it.
Kader failed, however, to demonstrate its prima facie entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against it. That regulation "requires that 'building materials' be 'stored in a safe and orderly manner' and that 'material piles' be stable and 'so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare'" (Castillo v Starrett City, 4 AD3d 320, 321, quoting 12 NYCRR 23-2.1[a][1]; see Slowe v Lecesse Constr. Servs., LLC, 192 AD3d 1645, 1646; Zamajtys v Cholewa, 84 AD3d 1360, 1362; Aragona v State of New York, 74 AD3d 1260, 1262). Here, even if the plaintiff's accident occurred in an open area, the plaintiff alleged, among other things, that "building materials" were not "stored in a safe and orderly manner," not that material piles obstructed a "passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1[a][1]; see Parrino v Rauert, 208 AD3d at 675; Slowe v Lecesse Constr. Servs., LLC, 192 AD3d at 1646; Rodriguez v DRLD Dev., Corp., 109 AD3d 409, 410). Further, Kader failed to eliminate all triable issues of fact as to whether the requirement that "[a]ll building materials shall be stored in a safe and orderly manner" was violated (12 NYCRR 23-2.1[a][1]; see Parrino v Rauert, 208 AD3d at 675; Costa v State of New York, 123 AD3d 648, 649; Rodriguez v DRLD Dev., Corp., 109 AD3d at 410; cf. Cody v State of New York, 82 AD3d 925, 928 [concluding that 12 NYCRR 23-2.1(a)(1) was inapplicable where, among other things, "the material that caused the claimant to fall was not being stored but was in use"]; Aragona v State of New York, 74 AD3d at 1262; Castillo v Starrett City, 4 AD3d at 321).
Accordingly, the Supreme Court should have denied that branch of Kader's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-2.1(a)(1) insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiff did not oppose those branches of Kader's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. Therefore, the plaintiff's contentions regarding those branches of the motion are improperly raised for the first time on appeal and have not been considered (see Jaimes-Gutierrez v 37 Raywood Dr., LLC, 233 AD3d 761, 763; Nooney v Queensborough Pub. Lib., 212 AD3d 830, 833).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court